# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| RASHEEN JAMELL BIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CV415-266 |
| PUBLIC DEFENDER'S OFFICE ) | |
| and DISTRICT ATTORNEY'S ) | |
| OFFICE ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Rasheen Biggins has filed a 42 U.S.C. § 1983 complaint for damages and for injunctive relief against the public defender and district attorney's offices involved in the ongoing state criminal proceedings against him. Doc. 1; *see also* attached state court docket showing that his prosecution is still pending.[1]

Biggins' statement of his claim, in its entirety: "On 6/24/14 I was [scheduled] for [a] preliminary hearing, which was somehow cancel[led]

---

[1] As Smith is proceeding *in forma pauperis* ("IFP"), docs. 2 & 3, his action is subject to immediate dismissal if the Court determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2) (requiring the dismissal of IFP actions "any time" they raise non-cognizable claims); 28 U.S.C. § 1915A (requiring early screening of all prisoner/detainee complaints against governmental entities or officials and the dismissal of non-cognizable claims).

for what reason I don't know. And my case was sent upstairs to superior court without me waving my preliminary hearing." Doc. 1 at 5. He seeks $1,000 for each month he's been a pre-trial detainee and requests that all pending charges be dismissed. *Id.* at 6.

Biggins' case is dead on arrival. First, he may not employ § 1983 as a vehicle for seeking the dismissal of the state criminal proceedings, for "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the

2

State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015). Thus to the extent Biggins seeks the "termination" of the state charges, which would require his immediate release from custody, he must pursue habeas relief.[2]

Second, Biggins' damages claims against the defendants are legally unsupportable. Public defender offices are not entities capable of being sued under Georgia law, *see Lovelace v. Deklab Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005), while Biggins' individual public defender (whoever that is -- Biggins never says) is not a state actor for § 1983 purposes. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). The district attorney, meanwhile, enjoys absolute immunity for conduct "intimately associated with the judicial phase of

---

[2] Before Biggins can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such a petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

3

the criminal process," which preliminary hearings certainly fall within, *Cotterman v. Creel*, 2015 WL 7003424 at * 4 (N.D. Fla. Oct. 19, 2015) (quoting *Burns v. Reed*, 500 U.S. 478, 484 (1991)). And the district attorney's office, like the public defender's, is not an entity capable of being sued. *Lovelace*, 144 F. App'x at 795.

Given the sheer frivolity of Biggins' complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Biggins to pay his filing fee. His furnished PLRA[3] paperwork reflects $151.67 in average monthly deposits and a $0.31 average monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 5. He therefore owes an initial partial filing fee of $30.33. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from

---

[3] The Prison Litigation Reform Act ("PLRA") requires the incremental collection of the filing fee from detainees who are allowed to proceed IFP. 28 U.S.C. § 1915(b), (h).

5

the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 23rd day of November, 2015.

                                                                                  **UNITED STATES MAGISTRATE JUDGE**
                                                                                  **SOUTHERN DISTRICT OF GEORGIA**



### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

November 18, 2015    Location: Case Details    Search...



- CASE LOOKUP
- COURT FORMS
- COURT FEES
- MAP & DIRECTIONS
- JURY SERVICES
- SITE SEARCH

## Case Details

State
VS.
BIGGINS, RASHEEN JAMELL

- Case Events
- Charges
- Parties
- Proceedings

**Case Information**

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR150273 |
| Case Type: | THEFT-F |
| Judge: | HONORABLE LOUISA ABBOT |
| Assistant District Attorney: | FRANK PENNINGTON |
| Date Filed: | 2/4/2015 |
| Status: | ACTIVE - |
| Next Event: | 1/12/2016 ARRAIGNMENT |

**Defendant Information**

| | |
|---|---|
| Name: | BIGGINS, RASHEEN JAMELL |
| DIN: | S5014324 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 69 |
| Weight: | 145 |
| Eyes: | BROWN |
| Hair: | BLACK |

**Attorney Information**
N/A

**Bondsman Information**
PAYLESS BAIL BONDS, LLC
4307 OGEECHEE RD STE 104
SAVANNAH, GA
31405

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 1/12/2016 | 10:00AM | ARRAIGNMENT | WALMSLEY | |
| 11/10/2015 | 2:00PM | STATUS CONFERENCE HEARING | LOUISA ABBOT | |
| 9/14/2015 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | LOUISA ABBOT | OTHER |
| 8/10/2015 | 09:30AM | ARRAIGNMENT | LOUISA ABBOT | ARRAIGNMENT |
| 6/4/2015 1:43:38 PM | 1:43PM | TRANSCRIPT RECEIVED | | |
| 5/5/2015 | 2:00PM | STATUS CONFERENCE HEARING | LOUISA ABBOT | |
| 3/24/2015 | 2:00PM | STATUS CONFERENCE HEARING | LOUISA ABBOT | OTHER |
| 2/5/2015 | 09:30AM | ARRAIGNMENT | LOUISA ABBOT | ARRAIGNMENT |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-8-7 | THEFT BY RECEIVING STOLEN PROPERTY | 1 | FELONY | 2/4/2015 | |
| 16-8-7 | THEFT BY RECEIVING STOLEN PROPERTY | 1 | FELONY | 2/4/2015 | |
| 16-13-30(B) | POSS/DELIVERY OF C/S W/INTENT DISTRIBUT | 1 | FELONY | 2/4/2015 | |
| 16-13-30(B) | POSS/DELIVERY OF C/S W/INTENT DISTRIBUT | 1 | FELONY | 2/4/2015 | |
| 16-13-30(B) | POSS/DELIVERY OF C/S W/INTENT DISTRIBUT | 1 | FELONY | 2/4/2015 | |
| 16-13-30(A) | POSSESSION CONTROLLED SUBSTANCE | 1 | FELONY | 2/4/2015 | |
| 16-13-30(J) | POSS MARIJUANA WITH INTENT TO DISTRIBUT | 1 | FELONY | 2/4/2015 | |
| 16-13-32.2 | POSS DRUG RELATED OBJECT FOR DIST | 1 | FELONY | 2/4/2015 | |
| 16-9-1 | FORGERY 1ST DEGREE | 1 | FELONY | 2/4/2015 | |
| 16-11-131 | POSSESS FIREARM BY CONVICTED FELON | 1 | FELONY | 2/4/2015 | |
| 16-11-131 | POSSESS FIREARM BY CONVICTED FELON | 1 | FELONY | 2/4/2015 | |

[Return to Top]

**Proceedings**

| Date | Time | Type | Result | Judge | Notes |
|---|---|---|---|---|---|
| 1/12/2016 | 10:00AM | ARRAIGNMENT | | WALMSLEY | |
| 11/17/2015 | | ORDER | | | MTN TO WITHDRAW ATTY J. BYRNE - GRANTED/ |
| 11/13/2015 | | ORDER | | | MTN TO WITHDRAW ATTY J. BYRNE - GRANTED/ |
| 11/10/2015 | 2:00PM | STATUS CONFERENCE HEARING | | LOUISA ABBOT | |
| 10/29/2015 | | MOTION - TO WITHDRAW ATTY | GRANTED | LOUISA ABBOT | J. BYRNE/NOTIFICATION CERTIFICATE OF INTENTION TO WITHDRAW AS COUNSEL/ |
| 10/21/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 9/14/2015 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | OTHER | LOUISA ABBOT | |
| 9/9/2015 | | PRO SE LETTER RECEIVED | | | |
| 8/25/2015 | | PRO SE LETTER RECEIVED | | | |
| 8/24/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | CASE DETAILS RPT/ |
| 8/10/2015 | | STATE"S DISCOVERY DISCLOSURE | | | DEMAND FOR DISCOVERY REGARDING ALIBI/CERT OF SERV/ |
| 8/10/2015 | 09:30AM | ARRAIGNMENT | ARRAIGNMENT | LOUISA ABBOT | |
| 7/31/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | CASE DETAILS RPT/ |
| 7/28/2015 | | NOTICE DEF ELECTS | | | TO PROCEED UNDER OCGA 17-16-1 THRU 17-16-10/ |
| 7/14/2015 | | PRETRIAL SCHEDULING ORDER | | | |
| 6/10/2015 | | ORDER | | | PETITION FOR SETTING BOND AND MTN TO DISMISS THE ACCUSATION UPON THE BASIS OF SELECTIVE PROSECUTION IN VIOLATION OF EQUAL PROTECTION - STRICKEN/ |
| 6/5/2015 | | PRO SE LETTER RECEIVED | STRICKEN | | PETITION FOR SETTING BOND/MTN TO DISMISS THE ACCUSATION UPON THE BASIS OF SELECTIVE PROSECUTION IN VIOLATION OF EQUAL PROTECTION/ |
| 6/4/2015 1:43:38 PM | 1:43PM | TRANSCRIPT RECEIVED | | | 02-05-15 ARRAIGNMENT & BOND HEARING, JUDGE ABBOT PRESIDING |
| 5/13/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | CASE DETAILS RPT/ |
| 5/12/2015 | | PRO SE LETTER RECEIVED | | | |
| 5/5/2015 | 2:00PM | STATUS CONFERENCE HEARING | | LOUISA ABBOT | |
| 3/24/2015 | 2:00PM | STATUS CONFERENCE HEARING | OTHER | LOUISA ABBOT | |
| 2/6/2015 | | CONSOLIDATED MOTIONS PACKAGE | | | CERT OF SERV/ |
| 2/5/2015 | | BOND ORDER | | | DENIED/ |
| 2/5/2015 | | ACCUSATION FILED - ENTERED | | | AMENDED/ |
| 2/5/2015 | 09:30AM | ARRAIGNMENT | ARRAIGNMENT | LOUISA ABBOT | |
| 2/4/2015 3:59:48 PM | | SCN | | | INITIAL CASE SCREENING / SCANNING |
| 2/4/2015 | | ACCUSATION FILED - ENTERED | | | |

[Return to Top]